IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 21-58 VJ1 |
| vs. | ) |
| SANDRA ROBERTO, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **SANDRA ROBERTO**, and the defendant's counsel, CHARLES McELHINNEY:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in Count 1 a violation of 18 U.S.C. § 1343: Wire Fraud, and in Count 2 a violation of 26 U.S.C. § 7206(1): Willfully Making and Subscribing a False and Fraudulent Individual Tax Return.

## ELEMENTS OF THE OFFENSE

4. The elements of 18 U.S.C. § 1343: Wire Fraud, are:

   a. The defendant devised or intended to devise a scheme to defraud, as alleged in the information;

   b. The defendant acted with specific intent to defraud;

   c. The defendant used interstate or foreign wire communication facilities for the purpose of carrying out the scheme; and

   d. The scheme employed false or fraudulent pretenses, representations, or promises that were material.

## SENTENCING

5. The defendant understands that the minimum and maximum penalty the Court can impose as to Count 1 is:

   a. imprisonment for a period of not more than twenty years;

   b. a fine not to exceed the greater of twice the gross gain or twice the gross loss;

   c. a term of supervised release of three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

## ELEMENTS OF THE OFFENSE

6. The elements of Count 2: 26 U.S.C. § 7206(1): Willfully Making and Subscribing a False and Fraudulent Individual Tax Return, are:

   a. The defendant prepared an income tax return;

   b. The income tax return was false as to a material matter, as charged in Count 2 of the Information;

   c. The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury;

   d. The defendant acted willfully, that is, she knew that she had a legal duty to file a truthful and complete tax return, but when she signed the return, she did not believe that it was truthful or complete as to a material matter; and

   e. The defendant caused someone to file the income tax return with the Internal Revenue Service.

## SENTENCING

7. The defendant understands that the minimum and maximum penalty the Court can impose as to Count 2 is:

   a. imprisonment for a period of not more than five years imprisonment;

   b. a fine not to exceed $100,000.00;

   c. a term of supervised release of three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

8. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

9. The parties agree that, as part of the defendant's sentence, the Court will enter an order of restitution.

10. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

    b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

    c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

    d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any

subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

11.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **Count 1:** In April 2009, I was hired by Mesilla Valley Transportation ("MVT") as a fuel clerk. In approximately 2012 or 2013, MVT reassigned me to work in its accounting department. MVT terminated my employment in February 2018 after discovering that I had embezzled approximately $1,130,215 from them.
>
> Beginning on or about May 2, 2011, and continuing to on or about January 18, 2018, I embezzled money from MVT by using checks from third party payment processors Comdata and EFS, which I concealed by characterizing the funds as fuel expenses. I took advantage of my position as MVT's primary contact with Comdata and EFS and authorized Comdata and EFS checks for amounts ranging from $400 to $975 per check and deposited them into my personal account at Bank of America via Automated Teller Machine ("ATM") locations in New Mexico. Comdata paid those checks from its account at Regions Bank in Hoover, Alabama. In turn, MVT paid Comdata by weekly wire transfer to Comdata's account at Regions Bank in Hoover, Alabama from MVT's account at Bank of the West in Newport Beach, California. Thus, the embezzled funds were caused to be transmitted by means of wire communication in interstate commerce. The following chart accurately reflects the 1,735 checks in the annual numbers and amounts over the course of my embezzlement scheme.

| Year | Comdata | | EFS | | Total No. Checks | Total |
|---|---|---|---|---|---|---|
| | No. of Checks | Amount | No. of Checks | Amount | | |
| 2011 | 84 | $80,550 | | | 84 | $80,550 |
| 2012 | 226 | $113,450 | | | 226 | $113,450 |
| 2013 | 242 | $121,000 | | | 242 | $121,000 |
| 2014 | 285 | $142,510 | | | 285 | $142,510 |
| 2015 | 318 | $185,800 | | | 318 | $185,800 |
| 2016 | 267 | $208,200 | | | 267 | $208,200 |
| 2017 | 150 | $134,800 | 143 | $125,905 | 293 | $260,705 |
| 2018 | 20 | $18,000 | | | 20 | $18,000 |
| Total | 1,592 | $1,004,310 | 143 | $125,905 | 1,735 | $1,130,215 |

**Count 2:** In addition to embezzling approximately $1,130,215 from MVT, I failed to report any of the illegally embezzled funds as income to the Internal Revenue Service when I filed my income taxes. Specifically, in tax year 2017, I embezzled $260,705 from MVT, but only reported $31,932 as taxable income attributable to myself on my 2017 Form 1040 U.S. Individual Tax Return ("the Return"). On or about January 18, 2019, I subscribed by electronic signature to the Return which was false as to the material matter regarding my taxable income. At the time I subscribed to the Return, I did not believe it to be true and correct as to every material matter because I knew that it failed to account for any of my illegally embezzled income during tax year 2017 as set forth in the table below. Further, the Return contained a written declaration that it was made under the penalties of perjury, but I willfully subscribed to the Return nonetheless.

The following chart correctly reflects my additional taxable income, in addition to what I had reported, for the years 2013 to 2018 based on my embezzlement from MVT and my additional tax due and owing for those years. The sum of my additional tax due (i.e., the tax loss to the United States of America) for the years 2013 through 2018 is $250,473.

| Tax year | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 |
|---|---|---|---|---|---|---|
| Embezzled funds ("other income") | $121,000 | $142,510 | $185,800 | $208,200 | $260,705 | $18,000 |
| Total adjustments | $121,000 | $142,510 | $185,800 | $208,200 | $264,131 | $18,000 |
| Taxable income per return | $4,886 | $6,433 | $8,460 | $6,973 | $31,932 | $23,352 |
| Corrected taxable income | $125,886 | $148,943 | $194,260 | $215,173 | $296,063 | $41,352 |
| Corrected tax liability | $25,987 | $32,290 | $44,827 | $50,860 | $72,918 | $4,584 |
| Additional tax due | $36,414 | $36,097 | $49,562 | $53,597 | $71,062 | $3,741 |

12. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

13. The United States and the defendant stipulate as follows:

   a. Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

   b. Provided the defendant meets the requirements of U.S.S.G. § 3E1.1(b), the government agrees to move for a reduction of one additional level from the base offense level as calculated under the sentencing guidelines.

   c. The tax loss amount is $250,473.00 pursuant to U.S.S.G. § 2T1.1.

   d. Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

14. The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S OBLIGATIONS

15. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

16. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation

it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

17. The defendant agrees and acknowledges that, as part of the defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the defendant is entering a plea of guilty, but may and should order restitution resulting from all of the defendant's criminal conduct related to this case.

18. In this case, the defendant agrees to pay restitution in the total principal amount of $1,380,688.00, which includes restitution to Mesilla Valley Transportation in the amount of $1,130,215.00 and restitution to the Internal Revenue Service in the amount of $250,473.00, all of which is payable to the United States District Court Clerk. No later than July 1 of each year after sentencing, until restitution is paid in full, the defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the defendant's most recent tax returns.

## GOVERNMENT'S AGREEMENT

19. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

20. Additionally, provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees to not force a sale of the residence located at 2857 San Elizario Court, Las Cruces, New Mexico, 88007, in order to satisfy the restitution owed by the defendant.

However, if the defendant voluntarily sells the residence, then the United States reserves the right to assert any interest it has in the proceeds of the sale.

21. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

22. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

23. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

24. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

25.  This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 31 day of December, 2020.

FRED J. FEDERICI
Acting United States Attorney

RYAN ELLISON
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

(Continued on next page)

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

SANDRA ROBERTO
Defendant

I am the attorney for SANDRA ROBERTO. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

CHARLES McELHINNEY
Attorney for Defendant